## IN THE UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

WENDY FAUSTIN,
Plaintiff-Appellant,

v.

JARED POLIS,                                          NO. 25-1322
PHILIP J. WEISER,                        (D.C. No. 1:23-CV-1376-SKC-NRN)
CITY AND COUNTY OF DENVER,
MICHIKO BROWN,                               Hon. S. Kato Crews
RON THOMAS, and
JOHN WALSH,
Defendants-Appellees.

---

## DENVER APPELLEES' RESPONSE BRIEF

---

*Oral Argument Not Requested*

Andres Alers
Denver City Attorney's Office
201 West Colfax Ave., Dep't 1108
Denver, CO 80202-5332
Telephone: (720) 913-3100

# TABLE OF CONTENTS

TABLE OF AUTHORITIES...........................................................................ii

STATEMENT OF RELATED CASES ..........................................................1

SUMMARY OF THE ARGUMENT ............................................................1

ARGUMENT ..............................................................................................2

    I.     Because the Ordinance has purely constitutional applications, does not target specific messages, and can be justified without reference to abortion speech, it is lawful on its face and content-neutral............................................................2

    II.    Because the Ordinance has not hindered Faustin from delivering her message and her claim extends beyond her particular circumstances, the as-applied challenge fails..............7

    III.    Faustin's critiques about *Hill* are unpersuasive and tied to dissents.............................................................................8

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT .......12

CERTIFICATE OF DIGITAL SUBMISSION AND PRIVACY REDACTION ............................................................................................13

CERTIFICATE OF SERVICE ..................................................................14

# TABLE OF AUTHORITIES

## Cases

*Ams. for Prosperity Found. v. Bonta*,
  594 U.S. 595 (2021) ...................................................................................3

*Bruni v. City of Pittsburgh*,
  141 S. Ct. 578 (2021) ...............................................................................8, 9

*Carey v. Brown*,
  447 U.S. 455 (1980) ................................................................................6, 10

*City of Austin v. Reagan Nat'l Advert. of Austin, LLC*,
  596 U.S. 61 (2022) .............................................................4, 5, 7, 8, 9

*Coalition Life v. City of Carbondale*,
  145 S. Ct. 537 (2025) .............................................................................7, 8, 9

*Hill v. Colorado*,
  530 U.S. 703 (2000) ...............................................................................1, 4, 8

*Madsen v. Women's Health Ctr., Inc.*,
  512 U.S. 753 (1994) .................................................................................4, 6

*McCullen v. Coakley*,
  573 U.S. 464 (2014) .................................................................................4, 6, 9

*Moody v. NetChoice*,
  603 U.S. 707 (2024) .................................................................................3, 6

*Reed v. Town of Gilbert*,
  576 U.S. 155 (2015) .................................................................................5, 10

*TikTok Inc. v. Garland*,
  604 U.S. 56 (2025) .............................................................................5, 9, 10

*United States v. Stevens*,
  559 U.S. 460 (2010) .....................................................................................3

*United States v. Sup. Ct. of N.M.*,
  839 F.3d 888 (10th Cir. 2016) ......................................................................7

**Codes**

Denver Rev. Mun. Code § 38-114(b) ................................................................ 1

**Rules**

Fed. R. App. P. 43(c)(2) ........................................................................1

## STATEMENT OF RELATED CASES

There are no prior or related appeals.

## SUMMARY OF THE ARGUMENT

Denver Revised Municipal Code section 38-114(b) (the "Ordinance") prevents individuals from approaching others without consent to distribute leaflets, handbills, display signs, protest, educate, or counsel in front of health care facilities. Plaintiff-Appellant Wendy Faustin believes those restrictions violate the First Amendment. Accordingly, she sued Defendants-Appellees City and County of Denver, Michiko Brown,[1] and Ron Thomas (collectively, "Denver") and contends the Ordinance is unconstitutional on its face and as applied to her.

The case law says otherwise. Twenty-five years ago, the Supreme Court upheld a Colorado statute the Ordinance mirrors and rejected the same arguments Faustin raises here. The Court in *Hill v. Colorado* held that the mirrored statute is content-neutral and withstands intermediate scrutiny

---

[1] Brown was recently appointed as Denver's City Attorney. Under Rule 43, she automatically replaces former City Attorney Kerry C. Tipper as a defendant. Fed. R. App. P. 43(c)(2).

because it does not target specific messages. 530 U.S. 703, 723 (2000) ("It places no restrictions on—and clearly does not prohibit—either a particular viewpoint or any subject matter that may be discussed by a speaker."). Though Faustin contends *Hill* has lost its teeth, she acknowledges it is binding and concedes she cannot prevail unless the Supreme Court overturns *Hill*.

Because *Hill* controls and is directly on point, the district court properly granted Denver's motion for summary judgment. Faustin admits this and appeals solely to petition the Supreme Court to overturn *Hill*. Consequently, this Court need only note that *Hill* controls and affirm.

## ARGUMENT

As Faustin concedes, she cannot prevail because the Supreme Court in *Hill* considered and rejected the same position she advances here. Even so, Denver offers the following argument to rebut Faustin's contentions that the Ordinance is unconstitutional and the holding in *Hill* has been diluted.

**I.      Because the Ordinance has purely constitutional applications, does not target specific messages, and can be justified without reference to abortion speech, it is lawful on its face and content-neutral.**

Faustin contends the Ordinance is facially unconstitutional because it is content-based as it prevents her from approaching others without consent to protest, counsel, or educate in front of health care facilities. Opening Br. at 21–22. In her view, because that prohibition applies outside health care facilities, it targets abortion speech on its face and was drafted to suppress anti-abortion speech. *Id.* at 21.

There are several problems here. First, plaintiffs who seek to prevail on a facial challenge must demonstrate "a substantial number of [the challenged law's] applications are unconstitutional, judged in relation to the [the law's] plainly legitimate sweep."[2] *Moody v. NetChoice*, 603 U.S. 707, 723 (2024) (quoting *Ams. for Prosperity Found. v. Bonta*, 594 U.S. 595, 615 (2021)).

---

[2] This standard initially applied to overbroad facial challenges under the First Amendment. *Moody v. NetChoice*, 603 U.S. at 778 n.14 (2024) (Alito, J., concurring); *United States v. Stevens*, 559 U.S. 460, 473 (2010). But in *Moody*, the Court said it applied to all First Amendment facial challenges without limitation. *See Moody*, 603 U.S. at 723 ("In First Amendment cases . . . . [t]he question is whether "a substantial number of [the law's] applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." (quoting *Ams. for Prosperity Found. v Bonta*, 594 U.S. 595, 615 (2021))).

Faustin did not submit evidence to satisfy that standard at summary judgment and does not mention it on appeal.

Further, because the Ordinance prohibits all types of educating, protesting, and counseling—no matter the message—and is tailored to facilitate access to health care, the freedom to seek pregnancy-related services, the free flow of traffic, and public safety and order, its applications are lawful. *Hill v. Colorado*, 530 U.S. 703, 723–26 (2000); *McCullen v. Coakley*, 573 U.S. 464, 486–87 (2014); *Madsen v. Women's Health Center, Inc.*, 512 U.S. 753, 769–70, 771 (1994). As a result, Faustin's facial challenge falls short.

Second, Faustin tethers her argument to a faulty premise. She contends the Ordinance is a content-based restriction because it prohibits individuals from approaching others to protest, educate, and counsel. According to her, those broad categories are specific types of messages that the Ordinance impermissibly targets.

Faustin is mistaken. The Supreme Court rejected her argument three years ago in *City of Austin v. Reagan Nat'l Advert. of Austin, LLC*, 596 U.S. 61 (2022). There, the Court reversed a decision from the Fifth Circuit that

4

concluded a law was content-based because it required people to read signs to know if the written messages fell under a taboo topic. *Id.* at 69, 77. The Supreme Court rebuked the Fifth Circuit's ruling as "too extreme an interpretation of this Court's precedent." *Id.* at 69. It explained "[t]his Court's First Amendment precedents and doctrines have consistently recognized that restrictions on speech may require some evaluation of the speech and nonetheless remain content neutral." *Id.* at 72.

The Supreme Court reaffirmed that position earlier this year in *TikTok Inc. v. Garland* when it noted "a law is content based on its face if it 'applies to particular speech because of the topic discussed or the idea or message expressed.'" 604 U.S. 56, 70 (2025) (quoting *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015)); *cf. Carey v. Brown*, 447 U.S. 455, 465 (1980) (finding a law content-based because it prohibited all residential picketing except for "peaceful labor picketing").

The same is true here. Though the Ordinance may require some evaluation to determine whether speech constitutes protesting or counseling, that does not make it a content-based restriction. *City of Austin*,

596 U.S. at 72. To target content, the Ordinance would need to prohibit protests on specific subjects like pollution or war, *TikTok*, 604 U.S. at 71 (citing *Carey*, 447 U.S. at 465), which it does not. Faustin cannot escape this conclusion and has yet to address it.

Third, there is no evidence Denver drafted the Ordinance to suppress abortion speech. Faustin disagrees because she spotted a line in Denver's amicus brief to *Hill* that stated the Ordinance was "similar . . . in purpose" to Colorado's statue. Opening Br. at 22. That does not prove Denver drew up the Ordinance to muffle anti-abortion speech. After all, the General Assembly passed the statute mainly to guarantee access to health care, App. Vol. 1 at 138, which is unrelated to abortion speech.

What's more, the Ordinance is also meant to protect the free flow of traffic, ensure public safety and order, and protect property and privacy rights. *Id.* Vol 6 at 1321. Those goals are unrelated to abortion, and the Supreme Court has held that they are content-neutral. *McCullen*, 573 U.S. at 486–87; *Madsen*, 512 U.S. at 754. Faustin's position is untenable.

II.    **Because the Ordinance has not hindered Faustin from delivering her message and her claim extends beyond her particular circumstances, the as-applied challenge fails.**

Faustin argues the Ordinance impermissibly undermines her anti-abortion efforts because it forces her to shout out to individuals to start a dialogue. Opening Br. at 7, 15. The evidence tells a different story. Video footage shows that when counseling, Faustin positions herself on the sidewalk so that those who pass by are forced to approach her. App. Vol. 8 at 1916.[3] There is no need for her to shout at people who are inches away. And more often than not, those who approach her stop to listen and accept leaflets. *Id.* Faustin appreciates this, admits her counseling has been a success, and would act the same way if the Ordinance didn't exist. *Id.* at 1916, 1917–18.

Further, as-applied challenges are proper when the claim and requested relief are limited to a plaintiff's particular circumstances. *United States v. Sup. Ct. of N.M.*, 839 F.3d 888, 914 (10th Cir. 2016). But here, Faustin's claim and requested relief extend beyond her unique circumstances because

---

[3] The videos are available on SharePoint Online.

7

she contends the Ordinance is unconstitutional to anyone who seeks to approach others to protest without consent. Opening Br. at 24 ("It covers *any* approach without prior consent *by anyone* and *to anyone . . . . .*").

In short, because Faustin's challenge goes beyond her own circumstances and the Ordinance does not limit her ability to deliver her message, the as-applied challenge lacks merit.

## III.    Faustin's critiques about *Hill* are unpersuasive and tied to dissents.

In an attempt to buttress her argument that *Hill* should be overturned, Faustin points to Justice Thomas's dissent in the Supreme Court's decision to deny certiorari in *Coalition Life v. City of Carbondale*, which involved the exact issue Faustin raises here. 145 S. Ct. 537 (2025) (Mem) (Thomas, J., dissenting). There, Justice Thomas wrote that *Hill* has been eroded through various dissents and certiorari denials. *Id.* at 537–39 (first citing *Hill*, 530 U.S. at 765, 767 (Kennedy, J., dissenting); then citing *Hill*, 530 U.S. at 742, 749, 750 (Scalia, J., joined by Thomas, J., dissenting); and then citing *City of Austin*, 596 U.S. at 86–87, 92, 103–104 (Thomas, J., joined by Gorsuch and Barrett, JJ., dissenting)); *id.* at 540, 541 (citing *Bruni v. City of Pittsburgh*, 141 S. Ct. 578

(2021) (Thomas, J., statement denying certiorari)). But because dissents and cert denials do not set precedent, they have not defanged *Hill*.

And though Justice Thomas mentioned two majority holdings, neither undermine *Hill*. First is *McCullen v. Coakley*, 573 U. S. 464, 479 (2014). There, the Court said a law "would be content based if it required 'enforcement authorities' to 'examine the content of the message that is conveyed to determine whether' a violation has occurred." *Id.*

Admittedly, that creates some tension with *Hill*. But as discussed, *supra–Section* I, the Supreme Court has since explained *Hill*'s approach is the correct one. In *City of Austin*, the Court clarified its "First Amendment precedents and doctrines have consistently recognized that restrictions on speech may require some evaluation of the speech and nonetheless remain content neutral." *City of Austin v. Reagan Nat'l Advert. of Austin, LLC*, 596 U.S. 61, 72 (2022).

The Court doubled down on that in *TikTok v. Garland* when it explained "a law is content based on its face if it 'applies to particular speech because of the topic discussed or the idea or message expressed.'" 604 U.S.

56, 70 (2025) (quoting *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015)). *McCullen*, therefore, does not carry the day.

The second majority holding—*Reed v. Town of Gilbert*—reflects that principle. Justice Thomas wrote that *Reed* "establish[ed] that strict scrutiny is the proper standard of review when a law targets a 'specific subject matter . . . .'" *See Coalition Life*, 145 S. Ct. at 540 (Thomas, J., dissenting) (quoting *Bruni* 141 S. Ct. at 578 (Thomas, J., statement denying certiorari)). But that is precisely what *Hill*, *City of Austin*, and *TikTok* stand for.

The Supreme Court has made it clear that content-based restrictions target specific messages like immigration or gender, not broad categories like protests and education. *TikTok*, 604 U.S. at 71 (citing *Carey*, 447 U.S. at 465). *Hill* remains good law as does the Ordinance. The Court should affirm.

## CONCLUSION

For the foregoing reasons, the Court should affirm district court's order.

November 6, 2025.

By,
*s/ Andres Alers*
Andres Alers

10

Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dep't 1108
Denver, Colorado 80202
Phone: (720) 913-3136
Fax: (720) 913-3155
Email: andres.alers@denvergov.org
*Counsel for Denver Appellees*

11

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

1.　　This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B)(ii) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this brief contains **1,860** words. I relied on my word processor, Microsoft Word 2011, to obtain the count.

2.　　This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 MSO and 14-point Palatino Linotype font.

Dated November 6, 2025

By: *s/ Andres Alers*
　　　Denver City Attorney's Office

## CERTIFICATE OF DIGITAL SUBMISSION
## AND PRIVACY REDACTION

I hereby certify that with respect to the foregoing:

(1)   all required privacy redactions have been made per 10th Cir. R. 25.5;

(2)   if required to file additional hard copies, that the ECF submission is an exact copy of those documents; and

(3)   the digital submissions have been scanned for viruses with the most
       recent version of a commercial virus scanning program,
       CrowdStrike Windows Sensor, and according to the program
       are free of viruses.

Dated November 6, 2025

By: _s/ Andres Alers_____
Andres Alers, Assistant City Attorney

13

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of **DENVER APPELLEES'
RESPONSE BRIEF** was served on all counsel of record via the Tenth Circuit
Court of Appeals' CM/ECF system on November 6, 2025.


By: *s/ Andres Alers*
Denver City Attorney's Office